**Julio PRADO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73046.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 20, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Julio Prado, San Jose, CA, pro se.

Regional Counsel, Laguna Niguel, CA, John L. Davis, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Julio Prado, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") denial of his motion to terminate proceedings to allow him to pursue a pending application for naturalization. We have jurisdiction under 8 U.S.C. § 1252.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We deny the petition for review in part and dismiss in part.

The IJ properly denied Prado's motion to terminate because, after giving Prado an opportunity to argue the merits of his motion, Prado did not offer any evidence that the matter involved exceptionally appealing or humanitarian factors. *See* 8 C.F.R. § 1239.2(f).

We are not persuaded by Prado's contention that the IJ violated due process by finding him removable on a ground that did not exist in 1992. The IJ found Prado removable in part because, when Prado entered the United States in 1992, he was inadmissible because of his prior conviction for a crime involving moral turpitude, *see* 8 U.S.C. § 1227(a)(1)(A); 8 U.S.C. § 1182(a)(2)(A)(i), and this ground existed in 1992, *see* 8 U.S.C. § 1251 (1994).

Prado's contention that the BIA's affirmance without opinion violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

We lack jurisdiction to consider Prado's remaining claims because he failed to present them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**